## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

ATTILIO D'AGOSTINO,         :
      Plaintiff,         :
           :
v.                :     Case No: 3:06cv1000 (PCD)
           :
HOUSING AUTHORITY OF THE CITY  :
OF WATERBURY,         :
      Defendant.       :

## RULING ON DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant moves for sanctions against Plaintiff, Attilio D'Agostino, and his attorney, Christopher Parlato, on the basis of their "efforts to frustrate the discovery process" and "inappropriate behavior during . . . Plaintiff's deposition."  Plaintiff opposes Defendant's motion and moves for a protective order, seeking an order to cease the taking of Plaintiff's deposition or to limit its manner of taking.  For the following reasons, Defendant's Motion for Sanctions [Doc. No. 20] is **granted in part** and **denied in part** and Plaintiff's Motion for Protective Order [Doc. No. 21] is **denied**.

## I.     BACKGROUND

Plaintiff was employed by Defendant until his termination on July 6, 2004.  He commenced this action on June 27, 2006, alleging that he was terminated in violation of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  Also currently pending before this Court is a separate civil action involving the same parties in which Plaintiff alleges that he was terminated on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), and Connecticut's Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1) ("CFEPA").

Defendant noticed the deposition of Plaintiff to be held on December 18, 2006.  Plaintiff appeared with his attorney, Mr. Parlato, as scheduled.  A review of the deposition transcript indicates that the proceeding was unnecessarily hostile.  At the beginning, Plaintiff's attorney noted the absence of an Italian translator—despite the fact that he did not request one and has not requested one at any of Plaintiff's depositions in the various actions—and "express[ed] concern" that there may be some "misunderstanding." (D'Agostino Dep. 4:20-5:19, Dec. 18, 2006.) Counsel for both parties apparently stipulated prior to the deposition to reserve all objections, except those directed to the form of the question, until the time of trial.  Nevertheless, Attorney Parlato objected several times to Defendant's questions regarding any evidence Plaintiff has to support his claim that Defendant terminated his employment to deprive him of health benefits on the basis that it "calls for narrative." (Id. at 14:17-23, 15:2-5, 15:16-17, 16:2-5, 16:15-18.)

The transcript also indicates that Plaintiff was evasive and difficult when answering questions.  For example, when asked whether he spoke with anyone about the deposition, he testified that he did not recall, saying "I don't remember last week or the week before." (Id. at 8:3-23.)  He became angry and cursed during the deposition.  For example, when asked what evidence he possessed that Defendant terminated his employment in order to deprive him of his retiree health benefits, he testified: "The evidence I have I'm out of a job two and a half fucking years.  That's the evidence I have." (Id. at 15:2-11.)  At another point in the deposition, Plaintiff testified that he did not recall something and would have to look at his notes, however, he had previously been asked—in the other civil action—to produce his notes and had not, testifying that he did not know where the notes were.  He testified in this deposition that he did not recall being asked to produce the notes before, but believes that he still has them. (Id. at 33:5-35:3.)

2

In both actions, Defendant contends that Plaintiff's position was eliminated due to financial reasons. Plaintiff alleges in both actions that Defendant refused to entertain a plan he devised to save Defendant $600,000 to $800,000, and therefore asserts that Defendant's proffered financial problems are pretext for discrimination and an unlawful termination. In the deposition, Defendant's attorney, William Ryan, asked Plaintiff about this plan, to which Plaintiff responded:

> If you pay me a million dollars, I will not give it to you. My idea, I will not give it to you. You kick me out like a Goddamn dog. I will not help you people if I see you people hanging dry.

(Id. at 36:14-19.) Plaintiff stated several more times that he would not give the plan to Defendant, and when asked the "basis of the plan," he responded that "I will not sell my knowledge to you or anybody else." (Id. at 36:20-37:10.)

Shortly thereafter, Attorney Parlato, stopped the deposition, stating:

> I came today for a professional engagement and this screaming at each other, yelling is not appreciated. If it's going to continue—I consider it disrespectful to me. I consider it abusive to me to sit here and listen to it. I'm not going to. If it's going to continue, and the two of you are going to continue to talk over each other and yell at each other and not let each other finish the question, I'm leaving and going to bring a Rule 37 motion.

(Id. at 38:14-22.) Defendant's attorney, Mr. Ryan, responded, stating that:

> Your client is raising his voice, using profanity during this deposition. Your client is telling me that is refusing to produce evidence that was requested. So I don't know how you define "professional."

(Id. at 39:2-6.) After further verbal exchanges back and forth, Attorney Parlato terminated the deposition. The parties subsequently filed the motions at issue here.

## II.   DISCUSSION

3

Defendant moves for sanctions against both Attorney Parlato and Plaintiff based on their conduct during the deposition and throughout discovery.[1]  Defendant argues that sanctions against Attorney Parlato are appropriate based on Attorney Parlato's "continual[] attempt[s] to disrupt the questioning of the Plaintiff," and the fact that he "feigned the need for an Italian interpreter for his client," "raised inappropriate and obstructive objections to the questions directed at his client," and "ended the deposition and instructed his client to leave the deposition before Attorney Ryan had completed his deposition." (Def.'s Mot. Sanctions 3-5.)  As to Plaintiff, Defendant argues that sanctions are appropriate due to Plaintiff's "loud and verbally aggressive" conduct during the deposition, his refusal to answer questions, his evasive responses and his lack of compliance and cooperation with Defendant's discovery requests.  Defendant requests that this Court enter an order compelling the continued deposition of Plaintiff and compliance with Defendant's requests for production and awarding reasonable costs and attorney's fees incurred by Defendant.  Defendant also requests an order compelling Plaintiff to produce his personal notes, to produce and describe under oath his alleged cost-savings plan and to pay the expenses associated with the deposition on December 18, 2006.

In Plaintiff's Motion for Protective Order, Plaintiff seeks one or more of the following:

(1) an order that Plaintiff's further deposition cannot be had; and/or

---

[1]    Plaintiff opposes Defendant's motion on several grounds, one of which is the argument that Defendant's motion was not brought in compliance with Federal Rule of Civil Procedure 37, which requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2).  The deposition transcript reveals, however, that the parties agreed during the deposition to take the matter to this Court.  Attorney Parlato stated several times that he was going to file a motion, (see D'Agostino Dep. 38:21-22, 39:15-18, 40:4-6), and Attorney Ryan advised Plaintiff and his counsel that Defendant would be moving for sanctions, (see id. at 40:8-9).  Plaintiff's argument is disingenuous and without merit.

4

(2) an order that Plaintiff's further deposition be supervised by the Court; and/or

(3) an order that Plaintiff's further deposition be taken by an attorney other than William Ryan; and/or

(4) an order that Plaintiff's further deposition be taken outside the physical presence of William Ryan.

Plaintiff makes this request based on his allegations that during the deposition, Attorney Ryan became "physically and emotionally abusive." (Pl.'s Mem. Supp. Mot. Prot. Order 1.) Specifically, he asserts that Attorney Ryan (1) yelled at Plaintiff, (2) leaned across a table toward Plaintiff, (3) "show[ed] his chest in an outward manner towards the Plaintiff," (4) pointed at Plaintiff, and (5) hit the table with his fist, in front of Plaintiff. (Id. at 2.)  Defendant denies these allegations, asserting that it was actually Plaintiff who displayed these behaviors. (Def.'s Mem. Supp. Obj. to Pl.'s Mot. Prot. Order at 4.)  Defendant agrees, however, that the deposition should be conducted under court supervision. (Id. at 5.)

It is impossible for this Court to determine, solely on the basis of the transcript, exactly what transpired between the parties at the deposition, but it is clear that the deposition should be continued.  The Court does not find it necessary at this time to supervise the deposition, however, in order to protect the interests of both parties, the Court will require that the deposition be video-taped.  The parties shall share the cost of the deposition and video-taping equally. Moreover, in order to avoid any potential problems or misunderstandings, the Court will require Plaintiff to hire an interpreter to sit in on the deposition, at Plaintiff's sole expense.  Plaintiff's attorney shall make Plaintiff available for a deposition, at an agreed-upon time and place, on or before February 23, 2007.

5

Finally, Defendant requests that Plaintiff produce his personal notes and produce and describe under oath his alleged cost-savings plan. Plaintiff represents that he has provided this information, and in the absence of information to the contrary, the Court will assume that this is correct. If Plaintiff has failed to produce either his personal notes and/or the cost-savings plan, he should do so on or before February 16, 2007. At his continued deposition, Plaintiff is directed to answer Defendant's attorney's questions regarding his alleged cost-savings plan.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions [Doc. No. 20] is **granted in part and denied in part** and Plaintiff's Motion for Protective Order [Doc. No. 21] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, January  29 , 2007.

/s/

Peter C. Dorsey, U.S. District Judge
District of Connecticut

6